# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| COMPASS LABORATORY SERVICES, LLC<br><br>    Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary, United States Department of Health and Human Services,<br><br>    Defendant. | No. 2:22-cv-2770-SHL-atc |
| COMPASS LABORATORY SERVICES, LLC<br><br>    Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary, United States Department of Health and Human Services,<br><br>    Defendant. | No. 2:23-cv-2018-SHL-cgc |

## ORDER DENYING PLAINTIFF'S REQUEST FOR DEFENDANT TO SUPPLEMENT THE ADMINISTRATIVE RECORDS

Before the Court are Plaintiff Compass Laboratory Services, LLC's ("Compass") Objections to the Administrative Records and Request for Defendant to Supplement the Administrative Records, filed May 5, 2023, in identical form on both dockets; the Court cites to the docket in Case No. 2:23-cv-2018-SHL-cgc for simplicity. (ECF No. 24.) Defendant Secretary Becerra filed his Response to Plaintiff's Objections on May 26, 2023. (ECF No. 28.) For the reasons described below, Plaintiff's Request is **DENIED**.

## BACKGROUND

These cases are appeals by Compass of unfavorable determinations by Administrative Law Judges ("ALJs"), finding that an audit performed by AdvanceMed, a Medicare Administrative Contractor, was performed in compliance with Medicare regulations. The full and quite extensive details of the underlying administrative appeals process is not required to assess Compass's Request and is therefore not recounted here. In short, Compass requests that the Court order the Secretary to supplement the already-filed certified administrative record with the "actual universe of claims" used by AdvanceMed to conduct its review. Compass asserts the current record is incomplete because it does not include zero-paid claims that Compass alleges AdvanceMed impermissibly excluded from the sampling universe. (ECF No. 24 at PageID 1141.) It contends that this "complete universe" is necessary for it to "independently verify the Secretary and his agents' alleged overpayment amounts throughout the entire administrative appeals process," and that the "withholding of each actual, complete universe and other documentation necessary to recreate each statistical sampling and extrapolation violates [Compass's] appeal rights under 42 U.S.C. § 1395ff(b), and also deprives [Compass] of the statutory protection against premature recoupment under 42 U.S.C. § 1395ddd(f)(2)." (Id. at PageID 1145.)

The Secretary responds that judicial review under § 405(g) as incorporated by the Medicare Act does not permit supplementing the record and that, in any event, the issue of whether the zero-paid claims should be included in the sampling universe at all is a "merits" issue and that "the briefing on the merits is the proper time to take [the issue] up," not on a request to supplement. (ECF No. 28 at PageID 1165.)

# ANALYSIS

## I. Statute Governing Supplementation of the Administrative Record

The dispute here is whether the Court may require the Secretary to supplement the administrative record pursuant to either of two statutes authorizing judicial review of executive agency decisions. According to Compass, its case is brought under both 5 U.S.C. § 706 of the Administrative Procedure Act ("APA"), as well as 42 U.S.C. § 405(g). (ECF No. 24 at PageID 1133.) Based on Compass's reading of the law, supplementation of the administrative record is permitted under both § 405(g), (id. at PageID 1135), as well as § 706, (id. at PageID 1134).

The Secretary contests that Compass's action is governed by § 706 of the APA, and instead avers that § 405(g) is the exclusive provision governing judicial review of an ALJ determination of a Medicare matter. (ECF No. 28 at PageID 1157.) He argues that both the language of § 405(g) and precedent foreclose any supplementation of the administrative record here as the Court's role in reviewing the ALJ determination is limited and may be based only on a closed record. (Id. at PageID 1157-58.) He also rebuts Compass's assertions involving § 706, noting that, even under the APA, the administrative record may not be supplemented in most circumstances. (Id. at PageID 1162.)

Case law resolving this precise dispute remains largely elusive. In the Sixth Circuit, in Medicare overcharge recoupment cases such as this, § 405(g) is cited as the statute providing district courts jurisdiction to review an ALJ determination. See, e.g., A1 Diabetes & Med. Supply v. Azar, 937 F.3d 613, 617 (6th Cir. 2019) (citing § 405(g) as the jurisdictional grant for "a Medicare appeal" of a recoupment action); Methodist Healthcare Memphis Hosps. v. Becerra, No. 2:21-cv-02476-JPM-atc, 2022 WL 4587170, at *3 (W.D. Tenn. Sept. 29, 2022) (same). These cases, however, do not address the issue of whether § 706 of the APA may also apply,

begging the question of whether the plaintiffs in those cases raised the issue.[1]

Moreover, in cases that acknowledge this issue of dual grants of judicial review, most courts have declined to resolve any potential dispute by concluding that the differing standards of review in § 706 and § 405(g) did not affect the ultimate outcome and instead applied both standards. See, e.g., Maxmed Healthcare, Inc. v. Price, 860 F.3d 335, 340 (5th Cir. 2017) (declining to resolve the question of which statute applied and concluding that "the standard of review probably makes no difference"); San Bois Health Servs., Inc. v. Hargan, No. CIV-14-560-RAW, 2017 WL 5140519, at *11 n.11 (E.D. Okla. Nov. 6, 2017) (applying both substantial evidence standard of § 405(g) and arbitrary and capricious standard of § 706).

In what is perhaps the sole direct pronouncement on this niche issue, however, the Second Circuit has stated that:

> [forty-two U.S.C.] § 1395ff(b) specifies 42 U.S.C. 405(g) as "the sole avenue for judicial review for all 'claims arising under' the Medicare Act." Heckler v. Ringer, 466 U.S. 602, 615 (1984) (establishing that specification of § 405(g) is "to the exclusion of 28 U.S.C. § 1331"). We therefore review the Secretary's actions pursuant to the specific provisions of § 405(g) where applicable; where no provision of § 405(g) is on point, we apply the judicial review provisions of the APA, see 5 U.S.C. § 559 ("[A] [s]ubsequent statute may not be held to supersede or modify . . . [the APA] . . . except to the extent that it does so expressly."); see also Dickinson v. Zurko, 527 U.S. 150, 154-55 (1999).

---

[1] The Court acknowledges the Sixth Circuit's unpublished decision in Superior Home Health Care of Middle Tenn., Inc. v. Sec'y of Health and Hum. Servs., No. 98-6254, 1999 WL 970342 (6th Cir. Oct. 13, 1999), cited by Compass, which applied § 706's "arbitrary and capricious, contrary to law, or unsupported by substantial evidence" standard to a claim "aris[ing] under the Medicare Act, 42 U.S.C. § 1395 et seq." This usage potentially conflicts with a much more recent, and published, decision by the Sixth Circuit where the court stated that its review of a Medicare overpayment recoupment challenge "is limited to determining whether the district court erred in finding that the administrative ruling was supported by substantial evidence," which is § 405(g)'s standard. See Gen. Med., P.C. v. Azar, 963 F.3d 516, 520 (6th Cir. 2020) (citing Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (itself citing § 405(g) as the proper standard of review)). The Court declines to resolve these conflicting standards of review at this stage.

Yale-New Haven Hosp. v. Leavitt, 470 F.3d 71, 78 (2d Cir. 2006); see also Art of Healing Medicine, P.C. v. Burwell, 91 F. Supp. 3d 400, 418-19 (E.D.N.Y. 2015) (characterizing the Second Circuit holding in Yale-New Haven Hosp. as "finding that because section 405(g) does not provide for judicial review of administratively adopted rules, the court of appeals analyzed the rule relied upon by the Department of Health and Human Services under the judicial review standards of the APA").[2]

As what is, in the Court's estimation, the only guidance to directly resolve this issue of dueling grants of judicial review in the Medicare Act context, the Court adopts the standard as articulated by the Second Circuit: it will "review the Secretary's actions pursuant to the specific provisions of § 405(g) where applicable; where no provision of § 405(g) is on point, [the Court] appl[ies] the judicial review provisions of the APA." Yale-New Haven Hosp., 470 F.3d at 78.

As described in more detail below, the plain language of § 405(g) states explicitly that the Court's review of the Secretary's determination must be based "upon the pleadings and transcript of the record," and the Secretary files "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." The language of § 405(g) is thus applicable to the issue of what evidence the Court may consider in its review of the ALJ's determination, displacing the APA on the issue of supplementing the record.

Supplementation under § 405(g) alone is therefore analyzed below.

---

[2] The Court notes that Compass cites to this case in support of its argument for supplementing the record under § 405(g) but makes no reference to the Second Circuit's statement here as to the proper standard of review. (See ECF No. 24 at PageID 1135.)

5

## II. Supplementation under 42 U.S.C. § 405(g)

The Medicare program was enacted in 1965 and provides health insurance to Americans sixty-five years old and above. 42 U.S.C. § 1395 et seq. Section 1395ff(a)(1) authorizes the Secretary of the Department of Health and Human Services to "promulgate regulations and make initial determinations with respect to benefits under part A or part B" of the Medicare program. After exhausting an administrative appeals process, a party dissatisfied with a final decision made by the Secretary as to their benefits under Medicare is entitled to judicial review of said decision "as provided in section 405(g) of this title," which refers to the standard of review used in Social Security denial-of-benefits cases. 42 U.S.C. § 1395ff(b)(1)(A).

Section 405(g) states, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings

of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

Based on the plain language of the statute and case law interpreting it, the Court agrees with the Secretary that its review of the ALJ determination under § 405(g) is strictly limited to "the pleadings and transcript of the record." A court's review pursuant to § 405(g) is one based on "a closed administrative record because under . . . 42 U.S.C. § 405(g), neither party may put any additional evidence before the district court." Mathews v. Weber, 423 U.S. 261, 270 (1976). Indeed, a district court is "not in the position to consider new evidence in 'deciding whether to uphold, modify or reverse the ALJ's decision'" affirming a denial of benefits. Miller v. Comm'r of Soc. Sec., 811 F.3d 825, 839 (6th Cir. 2016) (quoting Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996)). Under § 405(g) review, a district court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). If Compass wants additional evidence outside of the current administrative record to be considered, its options are limited to a remand of its case from this Court back to the ALJ under sentences four or six of § 405(g). As described by the Sixth Circuit:

> [u]nder sentence six, a district court, before making a final judgment, may order the Secretary to consider additional evidence because a party presents material evidence to the court that was not previously available. Under sentence four, the court makes a final judgment, affirming, reversing, or modifying the Secretary's decision and may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place.

Faucher v. Sec. of Health & Hum. Servs., 17 F.3d 171, 175 (6th Cir. 1994).

Cases cited by Compass suggesting that the Court may supplement the record under § 405(g) are unavailing. First, Compass cites to Miller, 811 F.3d at 839-40, for the proposition that a district court may consider evidence outside of the record "under some circumstances such as for background information and ascertaining whether the agency considered all relevant

7

factors or fully explicated its course of conduct or grounds of decision." (ECF No. 24 at PageID 1135.) There, however, the Sixth Circuit was quoting from Norwich Eaton Pharms., Inc. v. Bowen, 808 F.2d 486, 489 (6th Cir. 1987), a case which involved a challenge to a Federal Drug Administration decision brought under § 706. That guidance, therefore, is inapplicable to a challenge brought under § 405(g).[3]

Compass similarly points to Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 24 (2000), stating that "[t]he Supreme Court itself has also noted that a district court under 42 U.S.C. § 405(g) has certain authority, including 'where necessary, the authority to develop an evidentiary record.'" (ECF No. 24 at PageID 1135. (quoting Shalala, 529 U.S. at 24).) But, as the Secretary makes clear, this is not the full sentence. In full, the Court stated, "[a]nd a court reviewing an agency determination under § 405(g) has adequate authority to resolve any statutory or constitutional contention that the agency does not, or cannot decide, including, where necessary, the authority to develop an evidentiary record." Shalala, 529 U.S. at 23-24. As the Secretary argues, Compass's claims are not statutory or constitutional challenges to regulations like the claims in Shalala, which could therefore not be resolved by the agency. Shalala is thus

---

[3] Compass also cites to Raley v. Comm'r of Soc. Sec., No. 3:20-CV-00192-DJH-CHL, 2021 WL 3614397, at *8 (W.D. Ky. July 28, 2021), to suggest that the Court is permitted to consider facts outside of the administrative record under § 405(g). (ECF No. 31 at PageID 1185-86.) Raley, however, merely cites to Miller's quotation of Norwich. Raley is therefore unavailing for the same reason as Miller: Norwich involved a case brought under § 706, not one brought under § 405(g). Compass also fails to include the sentence immediately prior to the one it cites, which states "[w]hen considering the denial of a claimant's application for disability insurance benefits, the court normally may only review the administrative record presented to the ALJ." Raley, 2021 WL 3614397, at *8 (citing Salyer v. Comm'r of Soc. Sec., 574 F. App'x 595, 597 (6th Cir. 2014)). Indeed, Salyer further reinforces the Court's conclusion here, as the Sixth Circuit stated that, "the [district] court correctly limited its review to the administrative record presented to the ALJ," and that "new evidence" may only be considered upon a remand to the ALJ for reconsideration after a showing that the new evidence is "material." 574 F. App'x at 597.

inapposite here.

Finally, Compass suggests Hummel v. Heckler, 736 F.2d 91, 95-96 (3d Cir. 1984), and Yale-New Haven Hosp., 470 F.3d at 82, also support its contention that the Court may supplement the record under § 405(g). First, however, to the extent that these cases do permit such supplementation, they conflict with the Sixth Circuit's binding precedent in Miller that a district court is "not in the position to consider new evidence" when evaluating an ALJ determination under § 405(g). 811 F.3d at 839. Second, the circumstances under which these persuasive authorities permitted supplementation do not apply here. Compass is not alleging that the ALJ was impermissibly biased against it, as was the case in Hummel, nor is it a governmental agency asking to supplement the record following a challenge to the validity of an interpretive rule, as was the case in Yale-New Haven Hosp. Because the ultimate holdings of these persuasive authorities potentially conflict with binding Sixth Circuit precedent, and because they are inapplicable here in any event, the Court declines to follow them.

## **CONCLUSION**

For the reasons described above, Compass's Request for Defendant to Supplement the Administrative Records is **DENIED**.

**IT IS SO ORDERED,** this 24th day of July, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
